UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

NANA OPOKU-WARE, DEBTOR

| | |
|---|---|
| Case No.: | 19-25519 JKS |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | N/A |
| Judge: | JOHN K. SHERWOOD |

## CERTIFICATION OF SERVICE

1.  I, KENNETH RAYMOND :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for HERBERT B. RAYMOND, ESQ._, who represents the

    DEBTOR_ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2.    On SEPTEMBER 20, 2019, I sent a copy of the following pleadings and/or documents to the

    parties listed in the chart below.

    Amendment Transmittal Letter
    Chapter 13 Plan
    341a Notice
    Notice of Hearing on Confirmation
    Amended Schedule E/F; Summary of Schedules
    Order Respecting Amendment

3.    I certify under penalty of perjury that the above documents were sent using the mode of service

    indicated.

Date:    SEPTEMBER 20, 2019               /S/ KENNETH RAYMOND_
                                          Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Internal Revenue Service<br>Special Procedures Function<br>PO Box 724<br>Springfield, NJ 07081 | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other |

# RAYMOND & RAYMOND

**Attorneys at Law**

Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin DeLyon, Esq.

---

7 Glenwood Avenue, 4ᵗʰ Fl., Ste. 408
East Orange, NJ 07017
Telephone (973) 675-5622
Facsimile (408) 519-6711
Email: herbertraymond@gmail.com
Website: www.bankruptcylaw123.com

---

September 20, 2019

To:

Marie-Ann Greenberg, Esq.
Chapter 13 Standing Trustee
30 Two Bridges Rd.
Fairfield, NJ 07004

Internal Revenue Service
Special Procedures Function
PO Box 724
Springfield, NJ 07081

All Parties In Interest/Creditor(s) on Attached Schedule

    Re: Nana Opoku-Ware, Debtor(s)
       19-25519 JKS
       Chapter 13

To whom it may concern:

    Enclosed please find:

        - Amended Schedule E/F
        - 341a Notice
        - Notice of Hearing on Confirmation
        - Order Respecting Amendment
        - Chapter 13 Plan

                        Very truly yours,
                        /S/ HERBERT B. RAYMOND
                        HERBERT B. RAYMOND, ESQ.

Encs.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Nana Opoku-Ware** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | **19-25519** | | |
| (if known) | | | |

■ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1.    **Schedule A/B: Property** (Official Form 106A/B)<br>  1a. Copy line 55, Total real estate, from Schedule A/B.................................................. | $                750,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B...................................... | $                89,288.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................... | $                839,288.00 |

### Part 2:    Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>  2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $                0.00 |
| 3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>  3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $                0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $                0.00 |
| **Your total liabilities** | $                0.00 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4.    *Schedule I: Your Income* (Official Form 106I)<br>  Copy your combined monthly income from line 12 of *Schedule I*................................................... | $                9,308.25 |
| 5.    *Schedule J: Your Expenses* (Official Form 106J)<br>  Copy your monthly expenses from line 22c of *Schedule J*...................................................... | $                7,814.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.    **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐   No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■   Yes

7.    **What kind of debt do you have?**

■   **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐   **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| | | |
|---|---|---|
| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |

                                                    Best Case Bankruptcy

Debtor 1    **Nana Opoku-Ware**                                    Case number *(if known)*   **19-25519**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form     $                **8,324.26**
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
| --- | --- |
| 9a. Domestic support obligations (Copy line 6a.) | $                0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $                0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $                0.00 |
| 9d. Student loans. (Copy line 6f.) | $                0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $                0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$                0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $                0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| Debtor 1 | **Nana Opoku-Ware** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number    **19-25519**
(if known)

■ Check if this is an
amended filing

## Official Form 106E/F

### Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

    ☐ No. Go to Part 2.

    ■ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **Internal Revenue Service** | Last 4 digits of account number **7805** | $0.00 | $0.00 | $0.00 |

**Internal Revenue Service**
Priority Creditor's Name
**Special Procedures Function**
**PO Box 724**
**Springfield, NJ 07081**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?    **2018 Tax Period**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify     **Priority Income Tax Liability; Non-dischargeable, cannot be wiped out in bankruptcy**

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

    ■ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

    ☐ Yes.

### Part 3:    List Others to Be Notified About a Debt That You Already Listed

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Internal Revenue Service**
**Insolvency Operations**

On which entry in Part 1 or Part 2 did you list the original creditor?

Line **2.1** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims

☐ Part 2: Creditors with Nonpriority Unsecured Claims

Debtor 1    **Nana Opoku-Ware**                                                    Case number (if known)    **19-25519**

PO Box 21125
Philadelphia, PA 19114

Last 4 digits of account number

**Part 4:**    **Add the Amounts for Each Type of Unsecured Claim**

6.    Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 0.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 0.00 |

| Fill in this information to identify your case: | |
|---|---|

| Debtor 1 | **Nana Opoku-Ware** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY | | |
| Case number | 19-25519 | | |
| (if known) | | | |

■ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X  **/s/ Nana Opoku-Ware**                          X  _____
   **Nana Opoku-Ware**                                  Signature of Debtor 2
   Signature of Debtor 1

   Date  **September 13, 2019**                         Date  _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Form oresadoc − oresadocv27

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.:  19−25519−JKS
Chapter:  13
Judge:  John K. Sherwood

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Nana Opoku−Ware
    fka John Owusu, fka John Owusu−Ware
    123−125 Division Street
    Elizabeth, NJ 07201

Social Security No.:
    xxx−xx−7805

Employer's Tax I.D. No.:

---

## ORDER RESPECTING
## AMENDMENT TO SCHEDULE D, E/F, G OR H
## OR LIST OF CREDITORS

    The Court having noted that the debtor filed an Amendment to Schedule E/F on E/F or to the List of Creditors on , and for good cause shown, it is

    ORDERED that the debtor must provide notice of the Amendment to the creditor(s) or party(ies) being deleted, added or modified and to the trustee in the case, if any, not later than 7 days after the date of this Order.

    It is further ORDERED that the debtor(s) must serve on added creditors or parties, not later than 7 days after the date of this Order, the following:

    1.    A copy of the applicable Notice of Chapter 13 Bankruptcy Case, and

    2.    In a Chapter 11 case:

        a)    a copy of the last modified plan and disclosure statement, if any, and

        b)    a copy of any order approving the adequacy of the disclosure statement and/or the scheduling of the plan for confirmation.

    3.    In a Chapter 12 or Chapter 13 case:

        a)    a copy of the Notice of Hearing on Confirmation of Plan, if any, and

        b)    a copy of the last modified plan that has been filed in the case.

    It is further ORDERED that not later than 7 days after the date of this Order, the debtor(s) must file the Local Form, Certification of Service, certifying compliance with the above requirements.

    It is further ORDERED that the added creditors or parties have

    1.    until the original deadline, if any, fixed by the court to file a complaint to object to the debtor's discharge or dischargeability of certain debts, or sixty 60 days from the date of this Order, whichever is later;

2.    until the original deadline, if any, fixed by the Court to file a proof of claim or required supplement, or sixty 60 days from the date of this Order, whichever is later;

3.    until the original deadline fixed by the Court to object to exemptions, or thirty 30 days from the date of this Order, whichever is later.

Dated: September 17, 2019
JAN: lc

<u>John K. Sherwood</u>
United States Bankruptcy Judge

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

NANA OPOKU-WARE,

Case No.:  ___19-25519 JKS___

Judge:  ___SHERWOOD___

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original          ☐ Modified/Notice Required          Date:  ___SEPTEMBER 8, 2019___

☒ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___HR___     Initial Debtor: ___NO___     Initial Co-Debtor: _____

## Part 1:   Payment and Length of Plan

a. The debtor shall pay $ _____**_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on ___SEPTEMBER OF 2019___ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐   Sale of real property
Description:
Proposed date for completion: _____

☐   Refinance of real property:
Description:
Proposed date for completion: _____

☐   Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

** i. $1,422 per month, starting September of 2019, through and including October of 2021 (26 months)
ii. $1,488 per month per, starting in November of 2021, through and including October of 2023 (twenty-four (24) months);
iii $2,053 per month, starting in November of 2023, for a period of  ten (10) months

Increased in payments based on first 401K loan ending and then second increase premised on completion of second 401K loan and completion of spouse's automobile loan.

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | NONE AS TO DOMESTIC SUPPORT | $3,850.95 BAL. DUE OF COUNSEL FEE |
| INTERNAL REVENUE SERVICE | PRIORITY INCOME TAX LIABILITY | $2,759 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| RUSHMORE LOAN SERVICES | MORTGAGE ARREARS PERTAINING TO 123-125 DIVISION STREET, ELIZABETH, NJ | $77,588 | N/A | $77,588 | CONTINUED PAYMENTS BY THE DEBTOR, DIRECTLY TO RUSHMORE, STARTING IN SEPTEMBER OF 2019 AND EACH MONTH THEREAFTER |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| PNC BANK | 2ND MORTGAGE AGAINST ELIZABETH PROPERTY | $58,582 | $400,000 | RUSHMORE LOAN SERVICES IAO APPROX. $496,208 | NO VALUE | N/A | NO VALUE |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

> The following secured claims are unaffected by the Plan:

> i. Fay Servicing, LLC, mortgage against real property located at 30 Clinton Place, Newark, New Jersey, no arrears.  Continued payments by the Debtor's mother directly to Fay Servicing, LLC, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

---

**Part 5:   Unsecured Claims** ☐ **NONE**

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases    ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| PNC BANK, NA | 2ND MORTGAGE AGAINST ELIZABETH PROPERTY LOCATED AT 123-125 DIVISION ST., ELIZABETH, NJ | $58,582 | NO VALUE | RUSHMORE LOAN SERVICES IAO APPROX. $496,208 | NO VALUE | ENTIRE MORTGAGE IAO $58,582. |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees & Supp. Counsel Fees (Fully paid before other Claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:   Modification ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

---

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: AUGUST 19, 2019                          /S/ NANA OPOKU-WARE
                                               Debtor

Date: _____                 _____
                                               Joint Debtor

Date: AUGUST 19, 2019                          /S/ HERBERT B. RAYMOND, ESQ.
                                               Attorney for Debtor(s)

Form 132 − 13sum

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.:  19−25519−JKS
Chapter:  13
Judge:  John K. Sherwood

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Nana Opoku−Ware
fka John Owusu, fka John Owusu−Ware
123−125 Division Street
Elizabeth, NJ 07201

Social Security No.:
xxx−xx−7805

Employer's Tax I.D. No.:

## NOTICE OF HEARING ON CONFIRMATION OF PLAN

Date:            10/10/19
Time:            08:30 AM
Location:       Courtroom 3D, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Courtroom 3D,
Newark, NJ 07102

An objection to confirmation of the plan, including any motions referenced therein to avoid judicial liens under 11 USC section 522(f) and/or to avoid liens and reclassify claims in whole or in part, shall be filed and served seven days before confirmation. Filing a motion for relief from the automatic stay will not be considered an objection to the confirmation.

**If, at the confirmation hearing, it is determined that the debtor's plan is not confirmable, the case may be dismissed or converted.**

A copy of the Plan will follow this notice.

Dated: September 9, 2019
JAN: lc

Jeanne Naughton
Clerk, U. S. Bankruptcy Court

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Nana Opoku-Ware | Social Security number or ITIN:  xxx-xx-7805 |
| | First Name   Middle Name   Last Name | EIN:  __-_____ |
| Debtor 2: | | Social Security number or ITIN:  ____ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN:  __-_____ |
| United States Bankruptcy Court: District of New Jersey | | Date case filed for chapter:    13    8/11/19 |
| Case number:  19-25519-JKS | | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case                                              12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Nana Opoku-Ware | |
| 2. | All other names used in the last 8 years | fka John Owusu, fka John Owusu-Ware | |
| 3. | Address | 123-125 Division Street<br>Elizabeth, NJ 07201 | |
| 4. | Debtor's attorney<br>Name and address | Herbert B. Raymond<br>7 Glenwood Ave<br>Suite #408<br>4th Floor<br>East Orange, NJ 07017 | Contact phone 973-675-5622 |
| 5. | Bankruptcy trustee<br>Name and address | Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004 | Contact phone 973-227-2840<br>www.magtrustee.com |
| 6. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov.<br>(800) 676-6856 | MLK Jr Federal Building<br>50 Walnut Street<br>Newark, NJ 07102<br>Additional information may be available at the Court's Web Site:<br>www.njb.uscourts.gov. | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays)<br>Contact phone 973-645-4764<br>Date: 8/12/19 |

For more information, see page 2

Debtor **Nana Opoku–Ware**                                                                      Case number **19–25519–JKS**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>**Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend.**<br>**Creditors may attend, but are not required to do so.**<br>All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed. | **September 10, 2019 at 11:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>Office of the US Trustee, 1085 Raymond Blvd., One Newark Center, Suite 1401, Newark, NJ 07102–5504 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: **11/12/19** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: **10/21/19** |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: **180 days from date of order for relief.**<br>**11 U.S.C. § 502(b)(9)** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline:    30 days after the<br>*conclusion* of the<br>meeting of creditors |
| **9. Filing of plan** | The debtor has not filed a plan as of this date. A copy of the plan and a notice of the hearing on confirmation will be sent to you separately. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline.<br><br>**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** | |