| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Raymond & Raymond, Attorneys at Law<br>7 Glenwood Avenue, 4TH Floor<br>East Orange, New Jersey 07017<br>(973) 675-5622; (408) 519-6711 Telefax<br>Email: herbertraymond@gmail.com<br>Herbert B. Raymond, Esq.; Jeffrey M. Raymond, Esq., Kevin DeLyon, Esq.<br>Attorneys for the Debtor(s) | Case No.: 19-25519 JKS<br><br>Chapter: 13 |
| NANA OPOKU-WARE, DEBTOR(S) | Adv. No.:<br><br>Hearing Date:<br><br>Judge: JOHN K. SHERWOOD |

## CERTIFICATION OF SERVICE

1. I, _KENNETH RAYMOND_ :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for RAYMOND & RAYMOND, ESQS., HERBERT B. RAYMOND, ESQ., RECORD COUNSEL_, who represents the Debtor_ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On OCTOBER 30, 2020, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
    Loss Mitigation Order

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: OCTOBER 30, 2020    /S/ KENNETH RAYMOND_
                          Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Rushmore Loan Management Services<br>15480 Laguna Canyon Rd<br>Irvine, CA 92618<br>Attn: Officer, Managing or General Agent or Any Other Agent Authorized By Appointment or By Law to Receive Service of Process<br>Attn: Terry Smith, Ceo | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Romano, Garubo & Argentieri<br>52 Newton Avenue, PO Box 456<br>Woodbury, NJ 08096 | ATTORNEYS FOR RUSHMORE LOAN SERVICES | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| **Name and Address of Party Served** | **Relationship of** | **Mode of Service** |

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Raymond and Raymond, Attorneys at Law<br>7 Glenwood Avenue, 4th Floor<br>East Orange, NJ 07017<br>Phone: 973-675-5622; (408) 519-6711 Fax<br>Email: herbertraymond@gmail.com; Herbert Raymond; Jeffrey Raymond; Kevin de Lyon, Attorney for the Debtor(s) | Order Filed on October 29, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>NANA OPOKU-WARE, DEBTOR(S) | Case No.: 19-25519 JKS<br>Chapter: 13<br>Judge: SHERWOOD |

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: October 29, 2020**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

☒ A Notice of Request for Loss Mitigation was filed by the debtor on 10/9/20 .

☐ A Notice of Request for Loss Mitigation was filed by the creditor, _____ on _____ .

☐ The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 123-125 DIVISION AVE., ELIZABETH, NEW JERSEY

Creditor: Rushmore Loan Servicing

☐ It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☒ It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on 1/25/21 (90 days from the date of entry of this order, unless an *Application for Extension or Early Termination of the Loss Mitigation Period* is filed under Section IX.B of the LMP.)

- The debtor must make monthly adequate protection payments to the creditor during the Loss Mitigation Period in the amount of 2,333 on the due date set forth in the note, including any grace period. See Section VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.B. of the LMP and to obtain relief from the stay.

- Extension or early termination of the LMP may be requested as specified in Section IX.B of the LMP.

- If this case is dismissed during the loss mitigation period, loss mitigation is terminated effective on the date of the order of dismissal.

[X] It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 14 days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

[ ] It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 14 days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*rev.12/17/19*