UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Raymond and Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, NJ 07017
Phone: 973-675-5622; (408) 519-6711 Fax
Email: herbertraymond@gmail.com; Herbert Raymond; Jeffrey Raymond; Kevin de Lyon, Attorney for the Debtor(s)

In Re:

NANA OPOKU-WARE, DEBTOR(S)

Order Filed on October 29, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 19-25519 JKS

Chapter: 13

Judge: SHERWOOD

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: October 29, 2020**

Honorable John K. Sherwood
United States Bankruptcy Court

☒ A Notice of Request for Loss Mitigation was filed by the debtor on 10/9/20 .

☐ A Notice of Request for Loss Mitigation was filed by the creditor, _____ on _____.

☐ The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 123-125 DIVISION AVE., ELIZABETH, NEW JERSEY

Creditor: Rushmore Loan Servicing

☐ It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☒ It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on 1/25/21 (90 days from the date of entry of this order, unless an *Application for Extension or Early Termination of the Loss Mitigation Period* is filed under Section IX.B of the LMP.)

- The debtor must make monthly adequate protection payments to the creditor during the Loss Mitigation Period in the amount of 2,333 on the due date set forth in the note, including any grace period. See Section VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.B. of the LMP and to obtain relief from the stay.

- Extension or early termination of the LMP may be requested as specified in Section IX.B of the LMP.

- If this case is dismissed during the loss mitigation period, loss mitigation is terminated effective on the date of the order of dismissal.

☒ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 14 days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

☐ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 14 days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*rev.12/17/19*

United States Bankruptcy Court

District of New Jersey

In re:  
Nana Opoku-Ware  
    Debtor(s)

Case No. 19-25519-JKS  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin      Page 1 of 2  
Date Rcvd: Oct 30, 2020      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2020:**

**Recip ID**      **Recipient Name and Address**  
db      + Nana Opoku-Ware, 123-125 Division Street, Elizabeth, NJ 07201-2844

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2020      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2020 at the address(es) listed below:**

**Name**      **Email Address**

Emmanuel J. Argentieri  
     on behalf of Creditor U.S. Bank NA as Legal Title Trustee for Truman 2016 SC Title Trust bk@rgalegal.com

Herbert B. Raymond  
     on behalf of Debtor Nana Opoku-Ware herbertraymond@gmail.com  
     raymondmail@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;raymondlaw5622@gmail.com;courtemails789@gmail.com

Marie-Ann Greenberg  
     magecf@magtrustee.com

Melissa N. Licker  
     on behalf of Creditor Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust as serviced by Fay Servicing NJ_ECF_Notices@mccalla.com, mccallaecf@ecf.courtdrive.com

Phillip Andrew Raymond  
     on behalf of Creditor Fay Servicing LLC, as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not

|   |   |
|---|---|
|   | individually but as trustee for Hilldale Trust phillip.raymond@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Rebecca Ann Solarz | on behalf of Creditor PNC Bank  National Association rsolarz@kmllawgroup.com |
| Shauna M Deluca | on behalf of Creditor MTGLQ Investors  LP sdeluca@rasflaw.com |
| Sindi Mncina | on behalf of Creditor MTGLQ INVESTORS  LP smncina@rascrane.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 9