| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>ROMANO GARUBO & ARGENTIERI<br>Emmanuel J. Argentieri, Esquire<br>52 Newton Avenue, P.O. Box 456<br>Woodbury, New Jersey 08096<br>(856) 384-1515<br>Attorney for Secured Creditor,<br>U.S. Bank, NA as Legal Title Trustee for Truman 2016 SC Title Trust | Order Filed on February 2, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| NANA OPOKU-WARE<br>xxx-xx-7805<br><br>                       Debtor. | Case No.:       19-25519/JKS<br>Chapter:        13<br><br>Hearing Date:  October 28, 2021 at 10:00 a.m. |

### ORDER RESOLVING US BANK, NA AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF SUBMITTED UNDER THE 7-DAY RULE

The relief set forth on the following pages, numbered two (2) through four (4), are hereby **ORDERED**.

**DATED: February 2, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)
Debtor:   Nana Opoku-Ware
Case No:  19-25519/JKS
Caption of Order: ORDER RESOLVING US BANK, NA AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF SUBMITTED UNDER THE 7-DAY RULE

---

Upon consideration of US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust's relief application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth; and the Debtor having filed opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; it is hereby;

**ORDERED** as follows:

1. Debtor's post-petition mortgage account is outstanding in the amount of $20,176.91 through October 1, 2021 (2 post-petition payments at $2,191.34 each – 1/1/21 through 2/1/21, plus 8 post-petition payments at $2,243.40 each – 3/1/21 through 10/1/21, less suspense balance of $2,152.97).

2. The aforesaid arrearages ($20,176.91) shall be rolled into Debtor's Chapter 13 plan as an administrative claim and shall be paid to Movant over the remaining term of Debtor's plan.

3. The Trustee shall adjust her records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course.

4. Within fourteen (14) days from the date of the entry of this Order, Debtor shall file a proof of claim on behalf of Movant reflecting a secured claim for post-petition mortgage payments pursuant to Paragraph 2 herein.

(Page 3)
Debtor:   Nana Opoku-Ware
Case No:  19-25519/JKS
Caption of Order: ORDER RESOLVING US BANK, NA AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF SUBMITTED UNDER THE 7-DAY RULE

---

5. Commencing with the November 1, 2021 post-petition mortgage installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

6. Debtor shall reimburse Movant through her Chapter 13 Plan of Reorganization as an administrative claim the sum of $538.00 for attorney's fees and costs incurred by Movant in the prosecution of its relief application.

7. **Thirty-Day Default Clause:**   If the Debtor should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant, its successors and/or assigns, for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 123-125 Division Street, Elizabeth, NJ 07201.  The order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the trustee, Debtors and her counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

(Page 4)
Debtor:   Nana Opoku-Ware
Case No:  19-25519/JKS
Caption of Order: ORDER RESOLVING US BANK, NA AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF SUBMITTED UNDER THE 7-DAY RULE

---

8.  **Ninety-Day Default Clause as to Trustee Payments:**   If the Debtor should default and fail to make future payments that come due during the pendency of this case to the Chapter 13 Trustee for more than (90) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 123-125 Division Street, Elizabeth, NJ 07201.  The order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the trustee, Debtor and her counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

9.  Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the Court.