UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
Phone: (973) 675-5622; (408) 519-6711 Fax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

NANA OPOKU-WARE, DEBTOR(S)

| | |
|---|---|
| Case No.: | 19-25519 JKS |
| Chapter: | 13_____ |
| Adv. No.: | _____ |
| Hearing Date: | 3/13/2025 @ 8:30 A.M. |
| Judge: | John K. Sherwood, U.S.B.J. |

## CERTIFICATION OF SERVICE

1.  I, Jeffrey M. Raymond, Esq.. :

    ☒ represent Nana Opoku-Ware, the Debtor in the this matter.

    ☐ am the secretary/paralegal for _, who represents  _ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2.    On February 8, 2025, I sent a copy of the following pleadings and/or documents to the parties

   listed in the chart below.

   Modified Chapter 13 Plan
   Chapter 13 Transmittal Letter
   Real Property Appraisal

3.    I certify under penalty of perjury that the above documents were sent using the mode of service

   indicated.

Date:   February 8, 2025                           /S/ JEFFREY M. RAYMOND, ESQ._
                                                   Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| PNC Financial Services Group, Inc.<br>One PNC Plaza<br>249 Fifth Avenue<br>Pittsburgh, Pennsylvania 15222-2707<br>Attn: Officer, Managing or General<br>Agent or Any Other Agent Authorized<br>By Appointment or Bay Law<br>to Receive Service of Process<br>Attn: William S. Demchak, CEO | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☒ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| KML Law Group<br>216 Haddon Avenue, Ste. 406,<br>Westmont, NJ 08108 | ATTORNEYS FOR PNC BANK | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Name and Address of Party Served | Relationship of | Mode of Service |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

NANA OPOKU-WARE, DEBTOR

Case No.:      19-25519 JKS

Hearing Date:  3/13/25@8:30 a.m.

Judge:      John K. Sherwood

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☐ plan, ☒ modified plan is proposed by the debtor and was filed on
_____ February 7, 2025 _____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This
Plan may be confirmed and become binding, and included motions may be granted without further
notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court
may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy
Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification
may take place solely within the chapter 13 confirmation process. The plan confirmation order alone
will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to
avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien
creditor who wishes to contest said treatment must file a timely objection and appear at the
confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at 123-125 Division Street, Elizabeth,
New Jersey 07201 _____ [*address*] at $_____ 400,000 _____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $____ 496,208 ____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

      The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐  **Personal Property:**

      The debtor(s) has valued personal property described as: _____

_____ at $_____.

The debtor(s) believes the lien on the property to be in the approximate amount of $_____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

      The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

      The Confirmation Hearing is scheduled for _____March 13, 2025 @ 8:30 A.M._____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

      YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

BL 7 LOT 196

## REAL ESTATE VALUE ESTIMATE

### SUBJECT

| | | | | |
|---|---|---|---|---|
| Contact | OPOKU-WARE | | Census Tract 0305.00 | Map Reference DIGITAL |
| Property Address | 123-125 DIVISION ST | | Check one: ☐ SF ☐ PUD ☐ CONDO ☒ 2-4 Units | |
| City  Elizabeth | | County UNION | State NJ | Zip Code 07201 |
| Phone No. Res. N/A | Loan Amount $   N/A | Term   N/A | Mos. Owner's Est. of Value $  N/A | |

| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area | Garage/Carport (specify type & no.) | Porches, Patio or Pool (specify) | Central Air |
|---|---|---|---|---|---|---|---|
| 12 | 6 | 5 | ☒ Yes  ☐ No | 2,912 Sq. Ft. | 2 car/driveway | 2 balconies | ☒ Yes  ☐ No |

### FIELD REPORT

**NEIGHBORHOOD**

| | | | | | Good Avg Fair Poor |
|---|---|---|---|---|---|
| Location | ☒ Urban | ☐ Suburban | ☐ Rural | Property Compatibility | ☐ ☒ ☐ ☐ |
| Built Up | ☒ Over 75% | ☐ 25% to 75% | ☐ Under 25% | General Appearance of Properties | ☐ ☒ ☐ ☐ |
| Growth Rate ☒ Fully Dev. | ☐ Rapid | ☐ Steady | ☐ Slow | Appeal to Market | ☐ ☒ ☐ ☐ |
| Property Values | ☒ Increasing | ☒ Stable | ☐ Declining | | |
| Demand/Supply | ☐ Shortage | ☒ In Balance | ☐ Oversupply | | |
| Marketing Time | ☒ Under 3 Mos. | ☐ 4-6 Mos. | ☐ Over 6 Mos. | | |

Present Land Use   30 % 1 Family   30 % 2-4 Family   10 % Apts.   5 % Commercial   % Industrial   % Vacant   % 25

Change in Present Land Use  ☒ Not Likely   ☐ Likely   ☐ Taking Place From _____ To _____

Predominant Occupancy  ☒ Owner   ☒ Tenant   -5 % Vacant

S/F Price Range $  150,000  to $  400,000+   $  275,000  = Predominant Value

S/Family Age   1   yrs. to  150+  yrs.  Predominant Age   80   yrs.

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)   THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH   MIXED STYLE DWELLINGS AND SOME COMMERCIAL, WAREHOUSE PROPERTIES.  ADEQUATE ACCESS TO SCHOOLS, LOCAL   SHOPPING AND PUBLIC TRANSPORTATION.

**SUBJECT PROPERTY**

Approx. Yr. Blt. 20 06  # Units 2  # Stories TWO

Type (det, duplex, semi/det. etc.)   DETACHED

Design (rambler, split, etc.)   2 FAMILY

Exterior Wall Mat.   VINYL, BRICK, STUC_  Roof Mat. ASPHALT

Is the property in a HUD-Identified Special Flood Haz. Area?  ☒ No  ☐ Yes

Special Energy-Effic. Items   TYPICAL FOR AREA

| PROPERTY RATING | Good | Avg | Fair | Poor |
|---|---|---|---|---|
| Condition of Exterior | ☐ | ☒ | ☐ | ☐ |
| Compatibility to Neighborhood | ☐ | ☒ | ☐ | ☐ |
| Appeal and Marketability | ☐ | ☒ | ☐ | ☐ |

Comments (favorable or unfavorable incl. deferred maintenance)   QUALITY OF CONSTRUCTION CONSIDERED AVERAGE.  FINISHED BASEMENT WITH   FULL BATH

### MARKET COMPARABLE ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address  Elizabeth | 123-125 Division St | 509 Magnolia Ave Elizabeth, NJ 07206 | | 854 Livingston St ELIZABETH | | 609-611 Court St Elizabeth, NJ 07206 | |
| Proximity to Sub. | | 0.50 miles SE | | 0.15 miles NW | | 0.34 miles E | |
| Sales Price | $ | $ 320,000 | | $ 385,000 | | $ 445,000 | |
| Date of Sale and | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Time Adjustment | | 01/16/2019 | | 07/18/2019 | | 04/22/2019 | |
| Location | average | average | | average | | average | |
| Site/View | .08 ACRE/AVG | .06 ACRE/AVG | | .06 ACRE/AVG | | .09 ACRE/AVG | |
| Age | 13 | 12 | | 20 | | 11 | |
| Condition | average | average | | average | | average | |
| Living Area Rm. | Total  B-rms.  Baths | Total  B-rms.  Baths | | Total  B-rms.  Baths | | Total  B-rms.  Baths | |
| Count and Total | 12  6  5 | 10  6  4 | +4,000 | 10  6  5 | | 12  6  5 | |
| Gross Living Area | 2,912 Sq. Ft. | 2,296 Sq. Ft. | +22,000 | 2,372 Sq. Ft. | +19,000 | 3,214 Sq. Ft. | -11,000 |
| Air Conditioning | 2 CAC UNITS | 2 CAC UNITS | | 2 CAC UNITS | | 2 CAC UNITS | |
| Garage/Carport | 2 car/driveway | 1 car/driveway | +3,000 | 1 car/driveway | +3,000 | 2 car/driveway | |
| Porches, Patio, | 2 balconies | 2 balconies | | none | +2,000 | 2 balconies | |
| Pools, etc. | NONE | NONE | | NONE | | NONE | |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Other | fin bsmt | unf bsmt | +5,000 | fin bsmt | | fin bsmt | |
| Net Adjust. (Total) | | ☒ +  ☐ − : $  34,000 | | ☒ +  ☐ − : $  24,000 | | ☐ +  ☒ − : $  -11,000 | |
| Indicated Value Sub. | | $  354,000 | | $  409,000 | | $  434,000 | |

General Comments   SEE ADDENDUM

Estimated Value $   400,000   as of   AUGUST 03, 2019

Completed By JC____  Title  NJLRA 42RA00320500

Signature  *John Mack*   Date   09/22/2019

[Y2K]

## Supplemental Addendum

File No. BL 7 LOT 196

| Borrower/Client | OPOKU-WARE | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | | |
| City | Elizabeth | County | UNION | | State | NJ | Zip Code 07201 |
| Lender | OPOKU-WARE | | | | | | |

INTENDED USER: THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND THIRD PARTIES WHICH MAY INCLUDE TRUSTEES, CREDITORS AND THE BANKRUPTCY COURT.

INTENDED USE: THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THE SUBJECT FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK: THE SALES AND INCOME APPROACH TO VALUE WERE USED IN THIS REPORT. THESE METHODS BEST INDICATE ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY. THE COST APPROACH TO VALUE WAS INCOME APPROACH TO VALUE WAS CALCULATED BASED ON AVAILABLE RENTAL DATA.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING. THE LOT SIZE, SHAPE, PHYSICAL CONDITION AND LAND TO BUILDING RATIO ALLOW THE PRESENT STRUCTURE AND INDICATE A GOOD UTILIZATION OF THE IMPROVEMENTS. BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A 2 FAMILY RESIDENCE IS ITS FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.   THE SUBJECT IS LOCATED IN AN R-2 ZONE. (2 FAMILY RESIDENTIAL ZONE)

INCOME APPROACH: BASED ON A REVIEW OF CURRENT RENTAL DATA IN THIS SPECIFIC MARKET THE TOTAL ESTIMATED GROSS MONTHLY RENT $3,000 X GROSS RENT MULTIPLIER (GRM) 135 = $405,000. (comparable rental data on file)

ADJUSTMENT BASED ON $4,000 PER FULL BATH.  GLA BASED ON $35 PER SQUARE FOOT AND ROUNDED.  ALL SALES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

THE SUBJECT HAS NOT BEEN SOLD IN THE LAST 36 MONTHS.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| | |
|---|---|
| Signature | Signature |
| Name  JOHN MACK | Name |
| Date Signed   09/22/2019 | Date Signed |
| State Certification #                          State | State Certification #                          State |
| Or State License #   42RA00320500      State NJ | Or State License #                          State |

## Operating Income Statement

BL 7 LOT 196

### One- to Four-Family Investment Property and Two- to Four-Family Owner-Occupied Property

Property Address

| | | | |
|---|---|---|---|
| 123-125 DIVISION ST | Elizabeth | NJ | 07201 |
| Street | City | State | Zip Code |

**General Instructions:** This form is to be prepared jointly by the loan applicant, the appraiser, and the lender's underwriter. The applicant must complete the following schedule indicating each unit's rental status, lease expiration date, current rent, market rent, and the responsibility for utility expenses. Rental figures must be based on the rent for an "unfurnished" unit.

| | Currently Rented | Expiration Date | Current Rent Per Month | Market Rent Per Month | Utility Expense | Paid By Owner | Paid By Tenant |
|---|---|---|---|---|---|---|---|
| Unit No. 1 | Yes ☐ No ☒ | OWNER | $ _____ | $ 1,500 | Electricity | ☐ | ☒ |
| Unit No. 2 | Yes ☐ No ☒ | VACANT | $ _____ | $ 1,500 | Gas | ☐ | ☒ |
| Unit No. 3 | Yes ☐ No ☐ | _____ | $ _____ | $ _____ | Fuel Oil | ☐ | ☐ |
| Unit No. 4 | Yes ☐ No ☐ | _____ | $ _____ | $ _____ | Fuel (Other) | ☐ | ☐ |
| Total | | | $ _____ | $ 3,000 | Water/Sewer | ☒ | ☐ |
| | | | | | Trash Removal | ☒ | ☐ |

The applicant should complete all of the income and expense projections and for existing properties provide actual year-end operating statements for the past two years. For new properties the applicant's projected income and expenses must be developed. This Operating Income Statement and any previous operating statements the applicant provides must then be sent to the appraiser for review, comment, and/or adjustments next to the applicant's figures (e.g. Applicant/Appraiser 288/300). If the appraiser is retained to complete the form instead of the applicant, the lender must provide to the appraiser the aforementioned operating statements, mortgage insurance premium, HOA dues, leasehold payments, subordinate financing, and/or any other relevant information as to the income and expenses of the subject property received from the applicant to substantiate the projections. The underwriter should carefully review the applicant's/appraiser's projections and the appraiser's comments concerning those projections. The underwriter should make any final adjustments that are necessary to more accurately reflect any income or expense items that appear unreasonable for the market. (Real estate taxes and insurance on these types of properties are included in PITI and not calculated as an annual expense item) Income should be based on the current rents, but should not exceed market rents. When there are no current rents because the property is proposed, new, or currently vacant, market rents should be used.

---

Annual Income and Expense Projection for Next 12 months

| | | By Applicant/Appraiser | Adjustments by Lender's Underwriter |
|---|---|---|---|
| **Income** (Do not include income for owner-occupied units) | | | |
| Gross Annual Rental (from unit(s) to be rented) | (Current) | $ _____ | $ _____ |
| Other Income (include sources) | | + _____ | + _____ |
| Total | | $ _____ | $ _____ |
| Less Vacancy/Rent Loss | | – _____ ( 5 %) | – _____ ( %) |
| Effective Gross Income | | $ _____ | $ _____ |
| | | | |
| **Expenses** (Do not include expenses for owner-occupied units) | | | |
| Electricity | | _____ | _____ |
| Gas | | _____ | _____ |
| Fuel Oil | | _____ | _____ |
| Fuel ........................ (Type - _____ ) | | _____ | _____ |
| Water/Sewer | | 1,000 | _____ |
| Trash Removal | | _____ | _____ |
| Pest Control | | 50 | _____ |
| Other Taxes or Licenses | | _____ | _____ |
| Casual Labor | | 50 | _____ |
| This includes the costs for public area cleaning, snow removal, etc., even though the applicant may not elect to contract for such services. | | | |
| Interior Paint/Decorating | | 50 | _____ |
| This includes the costs of contract labor and materials that are required to maintain the interiors of the living unit. | | | |
| General Repairs/Maintenance | | 50 | _____ |
| This includes the costs of contract labor and materials that are required to maintain the public corridors, stairways, roofs, mechanical systems, grounds, etc. | | | |
| Management Expenses | | _____ | _____ |
| These are the customer expenses that a professional management company would charge to manage the property. | | | |
| Supplies | | 50 | _____ |
| This includes the costs of items like light bulbs, janitorial supplies, etc. | | | |
| Total Replacement Reserves - See Schedule on Pg. 2 | | 1,270 | _____ |
| Miscellaneous | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| ---- | | _____ | _____ |
| **Total Operating Expenses** | | $ 2,520 | $ _____ |

| | | |
|---|---|---|
| Freddie Mac | This Form Must Be Reproduced By Seller | Fannie Mae |
| Form 998 Aug 88 | Page 1 of 2 | Form 216 Aug 88 |

## Replacement Reserve Schedule

Adequate replacement reserves must be calculated regardless of whether actual reserves are provided for on the owner's operating statements or are customary in the local market. This represents the total average yearly reserves. Generally, all equipment and components that have a remaining life of more than one year - such as refrigerators, stoves, clothes washers/dryers, trash compactors, furnaces, roofs, and carpeting, etc. - should be expensed on a replacement cost basis.

| Equipment | | Replacement Cost | | | Remaining Life | | | | | By Applicant/ Appraiser | Lender Adjustments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stoves/Ranges | @ $ | 500 | ea. | ÷ | 20 | Yrs. x | 2 | Units = $ | | 50 | $ |
| Refrigerators | @ $ | 400 | ea. | ÷ | 20 | Yrs. x | 2 | Units = $ | | 40 | $ |
| Dishwashers | @ $ | | ea. | ÷ | | Yrs. x | | Units = $ | | | $ |
| A/C Units | @ $ | 5,000 | ea. | ÷ | 25 | Yrs. x | 2 | Units = $ | | 400 | $ |
| C. Washer/Dryers | @ $ | | ea. | ÷ | | Yrs. x | | Units = $ | | | $ |
| HW Heaters | @ $ | 1,000 | ea. | ÷ | 20 | Yrs. x | 2 | Units = $ | | 100 | $ |
| Furnace(s) | @ $ | 5,000 | ea. | ÷ | 25 | Yrs. x | 2 | Units = $ | | 400 | $ |
| (Other) | @ $ | | ea. | ÷ | | Yrs. x | | Units = $ | | | $ |
| Roof | @ $ | 7,000 | | ÷ | 25 | Yrs. x One Bldg. = | | | $ | 280 | $ |

| Carpeting (Wall to Wall) | | | | | Remaining Life | | | | |
|---|---|---|---|---|---|---|---|---|---|
| (Units) | | Total Sq. Yds. @ $ | | Per Sq. Yd. | ÷ | Yrs. = | $ | | $ |
| (Public Areas) | | Total Sq. Yds. @ $ | | Per Sq. Yd. | ÷ | Yrs. = | $ | | $ |

| Total Replacement Reserves. (Enter on Pg. 1) | | $ | 1,270 | $ |
|---|---|---|---|---|

## Operating Income Reconciliation

$ _____ − $ __2,520__ = $ __-2,520__ ÷ 12 = $ __-210__
Effective Gross Income   Total Operating Expenses   Operating Income   Monthly Operating Income

$ __-210__ − $ _____ = $ _____
Monthly Operating Income   Monthly Housing Expense   Net Cash Flow

(Note: Monthly Housing Expense includes principal and interest on the mortgage, hazard insurance premiums, real estate taxes, mortgage insurance premiums, HOA dues, leasehold payments, and subordinate financing payments.)

Underwriter's instructions for 2-4 Family Owner-Occupied Properties

- If Monthly Operating Income is a positive number, enter as "Net Rental Income" in the "Gross Monthly Income" section of Freddie Mac Form 65/Fannie Mae Form 1003. If Monthly Operating Income is a negative number, it must be included as a liability for qualification purposes.

- The borrower's monthly housing expense-to-income ratio must be calculated by comparing the total Monthly Housing Expense for the subject property to the borrower's stable monthly income.

Underwriter's instructions for 1-4 Family Investment Properties

- If Net Cash Flow is a positive number, enter as "Net Rental Income" in the "Gross Monthly Income" section of Freddie Mac Form 65/Fannie Mae Form 1003. If Net Cash Flow is a negative number, it must be included as a liability for qualification purposes.

- The borrower's monthly housing expense-to-income ratio must be calculated by comparing the total monthly housing expense for the borrower's primary residence to the borrower's stable monthly income.

Appraiser's Comments (Including sources for data and rationale for the projections)

JOHN MACK
Appraiser Name

Appraiser Signature   _John Mack_   09/22/2019
Date

Underwriter's Comments and Rationale for Adjustments

Underwriter Name   Underwriter Signature   Date

File No. BL 7 LOT 196

DEFINITION OF MARKET VALUE:  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.  (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

* Adjustments to the comparables must be made for special or creative financing or sales concessions.  No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.  Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.  Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

CONTINGENT AND LIMITING CONDITIONS:  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.  The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is valued on the basis of it being under responsible ownership.

2.  Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.  The appraiser has made no survey of the property.

3.  The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.  Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.  The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  This appraisal report must not be considered an environmental assessment of the subject property.

6.  The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.  The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.  The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.  The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.  The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.  This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. BL 7 LOT 196

CERTIFICATION:    The  appraiser  certifies  and  agrees  that:

1.    The  statements  of  fact  contained  in  this  report  are  true  and  correct.

2.    The  reported  analyses,  opinions,  and  conclusions  are  limited  only  by  the  reported  assumptions  and  limiting  conditions  and  are  my  personal,  impartial
and  unbiased  professional  analyses,  opinions,  and  conclusions.

3.    Unless  otherwise  indicated,  I  have  no  present  or  prospective  interest  in  the  property  that  is  the  subject  of  this  report  and  no  personal  interest
with  respect  to  the  parties  involved.

4.    Unless  otherwise  indicated,  I  have  performed  no  services,  as  an  appraiser  or  in  any  other  capacity,  regarding  the  property  that  is  the  subject
of  this  report  within  the  three-year  period  immediately  preceding  acceptance  of  this  assignment.

5.    I  have  no  bias  with  respect  to  the  property  that  is  the  subject  of  this  report  or  the  parties  involved  with  this  assignment.

6.    My  engagement  in  this  assignment  was  not  contingent  upon  developing  or  reporting  predetermined  results.

7.    My  compensation  for  completing  this  assignment  is  not  contingent  upon  the  development  or  reporting  of  a  predetermined  value  or  direction  in  value
that  favors  the  cause  of  the  client,  the  amount  of  the  value  opinion,  the  attainment  of  a  stipulated  result,  or  the  occurrence  of  a  subsequent  event
directly  related  to  the  intended  use  of  this  appraisal.

8.    My  analyses,  opinions,  and  conclusions  were  developed,  and  this  report  has  been  prepared,  in  conformity  with  the  Uniform  Standards  of  Professional
Appraisal  Practice  that  were  in  effect  at  the  time  this  report  was  prepared.

9.    Unless  otherwise  indicated,  I  have  made  a  personal  inspection  of  the  interior  and  exterior  areas  of  the  property  that  is  the  subject  of  this  report,
and  the  exteriors  of  all  properties  listed  as  comparables.

10.    Unless  otherwise  indicated,  no  one  provided  significant  real  property  appraisal  assistance  to  the  person(s)  signing  this  certification  (if  there  are
exceptions,  the  name  of  each  individual  providing  significant  real  property  appraisal  assistance  is  stated  elsewhere  in  this  report).

ADDRESS OF PROPERTY ANALYZED:      123-125 DIVISION ST, Elizabeth, NJ 07201

APPRAISER:                                                                    SUPERVISORY or CO-APPRAISER (if applicable):

Signature:                                                                     Signature:
Name:    JOHN MACK                                                  Name:
Title:                                                                             Title:
State Certification #:                                                       State Certification #:
or State License #:   42RA00320500                             or State License #:
State:   NJ     Expiration Date of Certification or License:   12/31/2019      State:     Expiration Date of Certification or License:
Date Signed:   09/22/2019                                          Date Signed:
                                                                                   ☐ Did  ☐ Did Not  Inspect Property

Page 2 of 2

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

| Borrower/Client | OPOKU-WARE | | | File No. BL 7 LOT 196 | |
| Property Address | 123-125 DIVISION ST | | | | |
| City | Elizabeth | County UNION | | State NJ | Zip Code 07201 |
| Lender | OPOKU-WARE | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

☒ Appraisal Report    (A written report prepared under Standards Rule    2-2(a)  , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ Restricted    (A written report prepared under Standards Rule    2-2(b)  , pursuant to the Scope of Work, as disclosed elsewhere in this report,
Appraisal Report    restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time    (USPAP defines Exposure Time as the estimated length of time that the property interest being
appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)
My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:    WITHIN 3 MONTHS
FOR REALISTICALLY PRICED PROPERTIES.

## Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any State mandated requirements:

**APPRAISER:**

Signature:
Name:  JOHN MACK

State Certification #:
or State License #:  42RA00320500
State:  NJ    Expiration Date of Certification or License:  12/31/2019
Date of Signature and Report:  09/22/2019
Effective Date of Appraisal:  AUGUST 03, 2019
Inspection of Subject:  ☐ None  ☒ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable):  AUGUST 03, 2019

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:
Name:

State Certification #:
or State License #:
State:    Expiration Date of Certification or License:
Date of Signature:
Inspection of Subject:  ☐ None  ☐ Interior and Exterior  ☐ Exterior-Only
Date of Inspection (if applicable):

**Subject Photo Page**

| Borrower/Client | OPOKU-WARE | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | |
| City | Elizabeth | County | UNION | State | NJ | Zip Code | 07201 |
| Lender | OPOKU-WARE | | | | | |



### Subject Front

123-125 Division St
Sales Price
Gross Living Area    2,912
Total Rooms    12
Total Bedrooms    6
Total Bathrooms    5
Location    average
View    .08 ACRE/AVG
Site
Quality
Age    13



### Subject Rear



### Subject Street

### Subject Photo Page

| Borrower/Client | OPOKU-WARE | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | | |
| City | Elizabeth | | County | UNION | State | NJ | Zip Code | 07201 |
| Lender | OPOKU-WARE | | | | | | |



**Subject Rear Yard**

123-125 Division St
Sales Price
Gross Living Area        2,912
Total Rooms              12
Total Bedrooms           6
Total Bathrooms          5
Location                 average
View                     .08 ACRE/AVG
Site
Quality
Age                      13



**Subject Rear**



**Subject Street**

## Subject Photo Page

| | |
|---|---|
| Borrower/Client | OPOKU-WARE |
| Property Address | 123-125 DIVISION ST |
| City | Elizabeth |
| Lender | OPOKU-WARE |

| County | UNION | State | NJ | Zip Code | 07201 |
|---|---|---|---|---|---|



**Subject Interior**

| | |
|---|---|
| 123-125 Division St | |
| Sales Price | |
| Gross Living Area | 2,912 |
| Total Rooms | 12 |
| Total Bedrooms | 6 |
| Total Bathrooms | 5 |
| Location | average |
| View | .08 ACRE/AVG |
| Site | |
| Quality | |
| Age | 13 |



**Subject Interior**



**Subject Interior**

### Subject Photo Page

| Borrower/Client | OPOKU-WARE | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | | |
| City | Elizabeth | | County | UNION | State | NJ | Zip Code 07201 |
| Lender | OPOKU-WARE | | | | | | |



**Subject Interior**

123-125 Division St
Sales Price
Gross Living Area      2,912
Total Rooms            12
Total Bedrooms         6
Total Bathrooms        5
Location               average
View                   .08 ACRE/AVG
Site
Quality
Age                    13



**Subject Interior**



**Subject Interior**

## Subject Photo Page

| Borrower/Client | OPOKU-WARE | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | |
| City | Elizabeth | County | UNION | State | NJ | Zip Code  07201 |
| Lender | OPOKU-WARE | | | | | |



### Subject Interior

123-125 Division St

| | |
|---|---|
| Sales Price | |
| Gross Living Area | 2,912 |
| Total Rooms | 12 |
| Total Bedrooms | 6 |
| Total Bathrooms | 5 |
| Location | average |
| View | .08 ACRE/AVG |
| Site | |
| Quality | |
| Age | 13 |



**Subject Interior**



**Subject Interior**

## Subject Photo Page

| Borrower/Client | OPOKU-WARE | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | | |
| City | Elizabeth | County | UNION | State | NJ | Zip Code | 07201 |
| Lender | OPOKU-WARE | | | | | | |



**Subject Interior**

123-125 Division St

| | |
|---|---|
| Sales Price | |
| Gross Living Area | 2,912 |
| Total Rooms | 12 |
| Total Bedrooms | 6 |
| Total Bathrooms | 5 |
| Location | average |
| View | .08 ACRE/AVG |
| Site | |
| Quality | |
| Age | 13 |



**Subject Interior**

**Comparable Photo Page**

| Borrower/Client | OPOKU-WARE | | | | |
|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | |
| City | Elizabeth | County | UNION | State NJ | Zip Code 07201 |
| Lender | OPOKU-WARE | | | | |



### Comparable 1

509 Magnolia Ave
| | |
|---|---|
| Prox. to Subject | 0.50 miles SE |
| Sale Price | 320,000 |
| Gross Living Area | 2,296 |
| Total Rooms | 10 |
| Total Bedrooms | 6 |
| Total Bathrooms | 4 |
| Location | average |
| View | .06 ACRE/AVG |
| Site | |
| Quality | |
| Age | 12 |



### Comparable 2

854 Livingston St
| | |
|---|---|
| Prox. to Subject | 0.15 miles NW |
| Sale Price | 385,000 |
| Gross Living Area | 2,372 |
| Total Rooms | 10 |
| Total Bedrooms | 6 |
| Total Bathrooms | 5 |
| Location | average |
| View | .06 ACRE/AVG |
| Site | |
| Quality | |
| Age | 20 |



### Comparable 3

609-611 Court St
| | |
|---|---|
| Prox. to Subject | 0.34 miles E |
| Sale Price | 445,000 |
| Gross Living Area | 3,214 |
| Total Rooms | 12 |
| Total Bedrooms | 6 |
| Total Bathrooms | 5 |
| Location | average |
| View | .09 ACRE/AVG |
| Site | |
| Quality | |
| Age | 11 |

## Location Map

| Borrower/Client | OPOKU-WARE | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 123-125 DIVISION ST | | | | | |
| City | Elizabeth | County | UNION | State | NJ | Zip Code 07201 |
| Lender | OPOKU-WARE | | | | | |



**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or unexpired Lease | 0 | Lien Avoidance |

**Last revised: November 14, 2023**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                                   Case No.:              19-25519 JKS

NANA OPOKU-WARE,
                                                         Judge:          John K. Sherwood, USBJ

       Debtor(s)

## Chapter 13 Plan and Motions

☐ Original                    ☒ Modified/Notice Required             Date: February 7, 2025

☒ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☒ 7b / ☐ 7 c.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☐ 7 c.

Initial Debtor(s)' Attorney: _____/S/ HR_____  Initial Debtor: ___/S/ NOW___  Initial Co-Debtor: _____

## Part 1:  Payment and Length of Plan

a.   The debtor shall pay to the Chapter 13 Trustee $ _____1,397.90_____ monthly for __66__ months starting on the first of the month following the filing of the petition. (If tier payments are proposed) : and then $_____per month for _____months; $_____per month for _____months, for a total of _____months.

b.   The debtor shall make plan payments to the Trustee from the following sources:

☒     Future earnings

☒     Other sources of funding (describe source, amount and date when funds are available):

Debtor to remit proceeds, from Newark real estate sale, in the amount of $102,414, simultaneously with this plan filing.

c.   Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering real property:
Description:
Proposed date for completion:  _____

d.   ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also Part 4.

☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☐ will not be paid by the Chapter 13 Trustee pending an Order approving sale, refinance, or loan modification of the real property.

e.   For debtors filing joint petition:

☐ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint administration, an objection to confirmation must be timely filed.  The objecting party must appear at confirmation to prosecute their objection.

Initial Debtor: _____Initial Co-Debtor: _____

## Part 2: Adequate Protection ☒ NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____(creditor). (Adequate protection payments to be commenced upon order of the Court.)

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s), pre-confirmation to: _____(creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ Supp. Counsel |
| DOMESTIC SUPPORT OBLIGATION | | |
| INTERNAL REVENUE SERVICE | PRIORITY INCOME TAX LIABILITY | $5,059.77 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☒ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a.  **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the
debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| RUSHMORE LOAN SERVICES | MORTGAGE ARREARS RE: 123-125 DIVISION STREET, ELIZABETH, NEW JERSEY | $114,879.69 | N/A | $114,879.69 | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the
debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
|  |  |  |  |  | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**c.  Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506: ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**d.  Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
| PNC BANK, NA | 2nd Mortgage re: 123-125 DIVISION ST., ELIZABETH, NJ | $58,582 | $400,000 Value | RUSHMORE LOAN SERVICES iao $506,514.30 | No Value | N/A | No Value |

    2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Wilmington Savings Fund Society (Fay Servicing) | Mortgage pertaining to real property located at 30 Clinton Place, Newark, New Jersey. (Note: This is the property that was sold by the Debtor, that is resulting in proceeds, being used to complete plan obligations. See sale order entered 12-12-2024, docket entry 185) | $Unknown. Mortgage was satisfied. | $Unknown. Mortgage was fully satisfied upon sale. No deficiency. |

**f.    Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
|  |  |

**g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 5:    Unsecured Claims  ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

       ☐ Not less than $ _____ to be distributed *pro rata*

       ☐ Not less than _____ percent

       ☒ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Name of Creditor | Basis For Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured. ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| PNC BANK, NA | 2nd Mortgage re: 123-125 Division Street, Elizabeth, New Jersey | $58,582 | $400,000 | Rushmore Loan Services, in the amount of $506,514.30 | No Value | Entire Mortgage Held by PNC BANK, NA iao $58,582 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

d. Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.   Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds
2) Counsel Fees and Supplemental Counsel Fees
3) To Be Fully Paid Before Any Other Claims Paid
4) Secured Claims
5) Priority Claims
6) Unsecured Claims

**d.  Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification  ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: __August 24, 2024_____.

Explain below **why** the plan is being modified:

Plan is being filed, post Newark real property sale, to address remaining plan obligations.  Plan provides for lump sum payment, for the most part, from sale proceeds, to complete payments under the plan.  Plan term is being reduced.

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

## Part 10: Non-Standard Provision(s):

Non-Standard Provisions:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*.

I certify under penalty of perjury that the above is true.

Date: ___February 7, 2025_____     /S/ NANA OPOKU-WARE_____
                                          Debtor

Date: _____          _____
                                          Joint Debtor

Date: ___February 7, 2025_____     /S/ HERBERT B. RAYMOND, ESQ._____
                                          Attorney for the Debtor(s)